IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREDDIE L. BROWN,

       Plaintiff,

vs.                                               4:06CV15-SPM/AK

SGT. STEVEN M COYNE, et al,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. § 1983 alleging that the Defendants shot him while he was in handcuffs on November 13, 2000. (Doc. 1). He is also suing two Doe Defendants, Emergency Medical Technicians, whom he alleges failed to give him adequate medical care following this incident.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly

unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  The present complaint was filed on January 10, 2006, which is over five years after the alleged incident giving rise to Plaintiff's claims.  Therefore, Plaintiff's claims are barred by the statute of limitations and must be dismissed.

Plaintiff has filed a previous complaint against these same defendants, which he voluntarily dismissed when asked to provide details about the incident such as when it occurred.  See Brown v. Woodham, Case No. 4:04CV99-SPM/AK (doc. 7).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint (doc. 1) be **DISMISSED** as barred by the statute of limitations.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of April, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.